UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

JUDGE SULLIVAN

COMPLAINT – ACTION FOR DAMAGED FOR PROPERTY RIGHTS INFRINGMENT

CIVIL ACTION NO: 15CV-1862 RJS

------------------------------------------------------------X

MALIBU MEDIA, LLC,

      Plaintiff

Vs.

JOHN DOE subscriber assigned IP address: 108.41.235.16

      Defendant

------------------------------------------------------------X

RECEIVED JUN 30 2015 PRO SE OFFICE

REVISED MOTION FOR JOHN DOE TO PROCEED ANONYMOUSLY:

Honorable Judge Sullivan:

The pro se Defendant in this case writes this letter in accordance with your Honor's directive on June 15th 2015 that even though the Plaintiff has already agreed to the Defendant's request for anonymity, the Defendant must articulate a basis for that order according to Sealed Plaintiff 587 F.3d at 189. The letter to follow was framed against a similar letter submitted by Meyer, Suozzi, English and Klein on October 4th 2012 in *Patrick Collins vs John Does 1-9 Case No. 2:12-cv-01154-ADS-GRB Docket No. 20* and later accepted by Judge Gary Brown on December 3rd 2012.

While the Federal Rules of Civil Procedure states "[t]he title of [a] complaint must name all the parties," F.R.C.P. Rule 10(a), the Second Circuit has held that under certain circumstances it is appropriate to

1|Page   - Confidential -

maintain the anonymity of a party. See Sealed Plaintiff v. Sealed Defendant # 1, 537 F.3d 185 (2nd Cir. 2008).

In Sealed Plaintiff, the Second Circuit held that a District Court could allow an anonymous plaintiff to prosecute a matter if the plaintiff's need for anonymity outweighed the countervailing interests in full disclosure. Sealed Plaintiff, 587 F.3d at189. The Second Circuit noted several factors that a District Court should take into account when making this determination:

1. whether the litigation involves matters that are highly sensitive and of a personal nature;
2. whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or to innocent non-parties;
3. whether identification presents other harms and the likely severity of those harms;
4. whether the plaintiff is particularly vulnerable to the possible harms of disclosure;
5. whether the suit is challenging the actions of the government or that of private parties;
6. whether the defendant is prejudiced by allowing the plaintiff to proceed anonymously, whether the nature of the prejudice (if any) differs at any particular stage of the litigation and whether any prejudice can be mitigated by the District Court;
7. whether the plaintiff's identity has thus far been kept confidential;
8. whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;
9. whether because of the purely legal nature of the issues presented or otherwise there is an atypically weak public interest in the knowing the litigants identities; and
10. Whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

Sealed Plaintiff v. Sealed Defendant # 1, 537 F.3d at 189-190 (citations omitted)

In cases nearly identical to the instant matter, the Southern District of New York has applied the standards set forth in Sealed Plaintiff and consistently held that copyright infringement lawsuits involving allegations of illegally downloading a pornographic film should proceed without revealing the name of the anonymous defendants. See e.g. Next Phase Distribution, Inc. v. Does 1-138, No. 11 Civ. 9706, 2012 WL 691830 (S.D.N.Y., March 1, 2012) (Forest, J.) (Infringement case would proceed against anonymous John Doe defendants given the highly sensitive nature and privacy issues involved with being linked to a pornographic film, the lack of any showing that the plaintiff would be prejudiced, and the minimal public interest in the actual name of the defendant); see also Patrick

*Collins, Inc., v. John Does 1-4*, No. 12 Civ. 2962, 2012 WL 2130557 (S.D.N.Y. June 12, 2012) (Baer, J.) and *Patrick Collins, Inc. v. John Does 1-4*, No. 12 Civ. 2962, 2012 WL 2012 WL 3866492 (S.D.N.Y. September 4, 2012) (Baer, J.) (John Doe defendants who wished to remain anonymous are permitted to do so by letter request).

Here, as in the cases noted above, all of the relevant factors favor the continued anonymity of the John Doe defendant. The Second Circuit noted that the list was non-exhaustive and that the District Courts should take into account any other factors relevant to the particular case under consideration.

First, this litigation involves allegations of matters that are highly sensitive and of a personal nature – the allegation, which the Defendant vehemently denies, that the Defendant was involved in the illegal downloading of a pornographic movie. If the Defendant's identity is revealed to the public the Defendant will be held to ridicule and his reputation in the community will suffer and the negative PR effect on the Defendant's software company even when the outcome undoubtedly proves that the Defendant was innocent. In fact, as this Court noted in its May 1, 2012 decision, having one's identity associated with the act of downloading a pornographic movie is embarrassing and damaging to one's reputation in the community at large. In re: *Bit Torrent Adult Film Copyright Cases*, No. 12 CV 1154 (GRB), 2012 WL 1570765 at *10 (E.D.N.Y. May 1, 2012) (Brown J.).

Importantly, in *Next Phase Distribution*, Judge Forest discussed that there was a real risk that the names associated with the IP address at issue in that case would not in fact be those of the individual who downloaded the copyrighted material. Indeed, this Court expressed a similar concern in its May 1, 2012 decision, a concern which was not assuaged by evidence that 30% of individuals whose names are associated with IP addresses are not those individuals who actually downloaded

or shared copyrighted material. In re: *BitTorrent Adult Film Copyright Cases, 2012 WL 1570765 at \*4*. This concern is particularly acute in situations where, as here, the IP address is obtained from an ISP through a wireless router, where potentially thousands of third parties may have had access to the John Doe defendant's internet service and, therefore, the risk that the John Doe defendant is not the procurer of purloined pornography is at its greatest.

Second, plaintiff will not be prejudiced by allowing the defendant to remain anonymous, especially since the Defendant has demonstrated multiple times with several timely responses and letters in this case to be perfectly capable of monitoring the progress of the case.

Finally, the public's interest in the litigation -- if any -- is in no way furthered by requiring defendant to disclose his identity insofar as there is no demonstrable public interest in knowing the identity of the defendant. *Next Phase Distribution, Inc., 2012 WL 691830 at \*2*.

In conclusion, the Defendant respectfully submits that revealing the Defendant's actual name at this stage of the proceedings is unnecessary and serves no public interest.

Accordingly, the Defendant respectfully requests that this Court maintain the Defendant's anonymity and continue to allow the Defendant to use the pseudonym John Doe in these proceedings.

Respectfully,

John Doe 108.41.235.16 pro se litigant

UNITED STATES DISTRICT COURT SOUTHERN DIS'

JUDGE SULLIVAN

DOCKET # 22

COMPLAINT – ACTION FOR DAMAGED FOR PROPER'

CIVIL ACTION NO: 15CV-1862

```
-------------------------------------------------------------X
MALIBU MEDIA, LLC,                                           :
                         Plaintiff                           :
                                                             :
Vs.                                                          :
                                                             :
JOHN DOE subscriber assigned IP address: 108.41.235.16       :
                                                             :
                         Defendant                           :
-------------------------------------------------------------X
```

MOTION FOR PARTIAL SUMMARY JUDGEMENT ON (1) COPYRIGHTABILITY AND (2) COVERAGE UNDER DMCA SECTION 512(A):

Honorable Judge Sullivan:

The pro se Defendant in this case writes this letter in accordance with your Honor's directive on June 15th 2015 requesting a partial summary judgement on two items while will help speed the progression of this case and possibly other similar cases through the court system. The first request will likely have a lasting impact on all of these types of cases heard in the second district.

1) The Defendant wishes for a ruling on whether or not a planned or otherwise scheduled video production of any type is copyright enforceable through taxpayer funded litigation if the filming of the same video does not follow all of the local, city, regional, state, federal laws, statutes, or the like that were active and enforceable at the time of filming. One such example would be

specifically obtaining a film permit prior to filming and limiting the filming activity of the actor(s) and staff to the limitations specified by the permit. Without all the permits in place prior to filming the illegally created work shall not be copyright enforceable.

2) The determination of whether or not the Defendant's company is covered under DMCA Section 512(a). The Defendant realizes this request is normally taken care of in Rule 26 but the Plaintiff has requested leave from Rule 26. The Defendant has separately requested a motion of reconsideration of this allowance for the Plaintiff. In any case, the Defendant considers the Plaintiff's commentary, if any, solely with respect to a 512(a) determination moot. The Defendant further requests any information supplied directly to the court for the determination of coverage under section 512(a) shall be sealed from all parties including the Plaintiff. The Defendant will not object to the court notifying the Plaintiff the court's determination so long as the information supplied to the Plaintiff especially including company names, names of ownership, type of product(s), programming method(s), address(s), and other identifiable information supplied to the court under seal are not disclosed. The Defendant's company is pre-launch and patent pending. A public discovery of the inner workings would not only be damaging from a non-disclosure standpoint but it also currently serves the Plaintiff and the public at large no appreciable benefit. Supply of proof and the timing of which can be in any format the court deems acceptable at their sole discretion.

Respectfully,
John Doe 108.41.235.16 pro se litigant