UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MALIBU MEDIA, LLC,

                Plaintiff,

-v-

JOHN DOE, subscriber assigned IP address
108.41.235.16,

                Defendant.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-14-15

No. 15-cv-1862 (RJS)
OPINION AND ORDER

RICHARD J. SULLIVAN, District Judge:

      Plaintiff filed this action against Defendant John Doe on March 12, 2015, alleging claims for copyright infringement stemming from someone using the IP address 108.41.235.16 to download fifty-seven pornographic movies protected by copyrights. (Doc. No. 1.) On April 6, 2015, the Court granted Plaintiff's motion for leave to serve a third-party subpoena pursuant to Federal Rule of Civil Procedure 26(d)(1) upon Defendant's internet service provider – Verizon Internet Services ("Verizon") – to ascertain Defendant's true identity. (Doc. No. 12 (the "April 6 Order").) Pursuant to the April 6 Order, Verizon was directed to serve Defendant with a copy of the subpoena and the April 6 Order within 60 days of being served with the subpoena, and Defendant was given 60 days from service thereof to file any motion contesting the subpoena – including any motion to quash the subpoena or proceed anonymously. (*Id.*) Following Defendant's motion to quash the subpoena, or, in the alternative, to proceed anonymously in this action (*see* Doc. Nos. 14, 16), the Court issued an Order on June 15, 2015 (1) denying the motion to quash the subpoena and (2) denying without prejudice to renewal the motion to proceed anonymously (Doc. No. 19 (the "June 15 Order")).

The Court is now in receipt of the following, all dated June 30, 2015: (1) a "revised motion to quash the subpoena" (Doc. No. 20), which the Court interprets as a motion for reconsideration of the June 15 Order's denial of Defendant's motion to quash; (2) a revised motion, with leave of the Court, for Defendant to proceed anonymously (Doc. No. 21); (3) a letter "seeking guidance" as to how the Court wishes to proceed with respect to Defendant's contemplated motion for summary judgment (Doc. No. 22); and (4) a motion for reconsideration of that portion of the April 6 Order which grants Plaintiff's motion for discovery in advance of the Rule 26 conference in this action (Doc. No. 23).[1] For the reasons set forth below, the Court denies Defendant's motion for reconsideration of the Court's denial of the motion to quash, grants the motion to proceed anonymously, denies the request for guidance as to the contemplated summary judgment motion, and denies as moot the request for reconsideration of the Court's order adjourning the initial conference.

I. Discussion

A. Reconsideration of the Denial of the Motion to Quash

As noted above, the Court interprets Defendant's "revised motion to quash" as seeking reconsideration pursuant to Federal Rule of Civil Procedure 54(b) and Local Rule 6.3, which enable a district court to revise a non-final order in certain circumstances. The Second Circuit has "limited district courts' reconsideration of earlier decisions," holding that "those decisions may not usually be changed unless there is an intervening change of controlling law, the availability of

---

[1] With respect to the motion to quash, that motion states that it is filed pursuant to the Court's "option [for Defendant] to revise the Motion by July 1, 2015." (Doc. No. 20.) However, Defendant appears to misunderstand the June 15 Order. The Court denied Defendant's *motion to proceed anonymously* without prejudice to renewal in accordance with the directive of that Order and in light of the fact that the Defendant's original motion to proceed anonymously did not track the standard for such motions in this District. (June 15 Order at 3.) However, Defendant's motion to quash the subpoena was denied outright, without any such qualification. Accordingly, the Court interprets the instant motion as a motion for reconsideration under Rule 54(b) and Local Rule 6.3 rather than as a renewed motion with the Court's leave.

new evidence, or the need to correct a clear error or prevent a manifest injustice." *In re Fannie Mae 2008 ERISA Litig.*, No. 09-cv-1350 (PAC), 2014 WL 1577769, at *3 (S.D.N.Y. Apr. 21, 2014) (quoting *Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003)). Under the Rule 54(b) and Local Rule 6.3 standard, a court must be mindful that "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Coopers & Lybrand, LLP*, 322 F.3d at 167 (citation and internal quotation marks omitted)).

Defendant has not met this demanding standard here. Instead, Defendant asks the Court to infer from the vast number of cases Plaintiff has filed throughout the country over the past three years that Plaintiff is engaging in nefarious litigation tactics, and that Plaintiff has been intentionally negligent in securing its intellectual property in order to use the courts as a revenue stream through the settlement value of its numerous lawsuits. Armed with these arguments, Defendant cites to a case in which bad-faith litigation tactics prompted a court to quash a subpoena and sanction plaintiffs. (*See* Doc. No. 20 at 9 (citing *Ingenuity 13 LLC v. John Doe*, No. 2:12-cv-8333 (ODW) (JCX), 2013 WL 1898633, at *1 (C.D. Cal. May 6, 2013), *appeal dismissed* (Nov. 18, 2013)).) However, the Court did not overlook that case. Rather, that case is simply not relevant, since Defendant has not adduced any evidence to support his assertion that Plaintiff is engaging in such bad faith here. Thus, although Defendant repeatedly calls into question the truth of Plaintiff's insistence that it does not intentionally "seed" its own content – that is, plant its videos on the internet in order to catch people infringing its copyrights – Defendant has not set forth anything more than conclusory innuendo to refute them. (*See* Declaration of Tobias Fieser, dated March 19, 2015, Doc. No. 22, ¶ 13; Doc. No. 17 at 7.) That is not enough.

Likewise, Defendant's contention that the evidence of his liability is inconclusive is no basis for seeking reconsideration. The Court has already rejected this underlying merits-based line of argument, and even if it were to consider Defendant's *new* assertion regarding the inconclusive nature of the evidence – that the "hash" of the transfers at issue are too small to conclusively be identified as part of Plaintiff's copyrighted work – it would have no reason to reconsider the June 15 Order. Indeed, in the face of fifty-seven allegations of infringement on Plaintiff's copyrights linked to Defendant's IP address, the Court finds the evidence set forth by Plaintiff to be sufficient to make out a prima facie case of copyright infringement. Accordingly, the Court sees no reason to reconsider the June 15 Order. To be sure, these merits-based arguments may well prove fruitful in this action going forward. However, the Court has already engaged in a balancing of the factors relevant to the determination of whether to quash the subpoena (*see* Doc. Nos. 12, 19), and Defendant has not met his heavy burden for reconsideration.

## B. Motion to Proceed Anonymously

In the June 15 Order's denial of Defendant's motion to proceed anonymously, the Court expounded the relevant standard for such motions and directed Defendant to file a revised motion comporting with that standard if he wished to renew. (June 15 Order at 2–3.) Specifically, the June 15 Order set forth a non-exhaustive list of relevant factors "including (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (3) whether the plaintiff's identity has thus far been kept confidential; and (4) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity." *Id.* (quoting *Next Phase Distribution, Inc. v. Does 1–138*, No. 11-cv-9706 (KBF), Doc. No. 9, at 4 (S.D.N.Y. Mar. 1, 2012)); *see also Digital Sin,*

*Inc. v. Does 1-27*, No. 12 CIV. 3873 (JMF), 2012 WL 2036035, at *5 (S.D.N.Y. June 6, 2012) (allowing defendants to litigate anonymously); *Malibu Media, LLC v. Doe No. 4*, No. 12-cv-2950 (JPO), 2012 WL 5987854, at *4–5 (S.D.N.Y. Nov. 30, 2012) (same).

Having reviewed Defendant's revised motion, the Court is now convinced of the propriety of allowing Defendant to proceed anonymously in this action. Judges in this District regularly permit defendants to proceed anonymously in cases very similar to this one, in which defendants stand accused of downloading pornographic videos. *See, e.g., Digital Sin*, 2012 WL 2036035, at *5; *Malibu Media*, 2012 WL 5987854, at *4–5; *Patrick Collins, Inc. v. Does 1-4*, No. 12-cv-2962 (HB), 2012 WL 2130557, at *3 (S.D.N.Y. June 12, 2012). Such judges recognize the highly embarrassing and potentially sensitive and personal nature of such accusations, and note that the public's interest is not necessarily furthered by knowledge of the defendant's specific identity. Moreover, the risk of misidentification – which is not insignificant where a defendant is identified only by IP address – favors allowing anonymous litigation.[2] *Malibu Media*, 2012 WL 5987854, at *4. Finally, it cannot be said that Plaintiff here would be prejudiced by allowing Defendant to proceed anonymously, in light of the fact that Plaintiff has consented to the request. (Doc. No. 17.) Accordingly, Defendant's motion to proceed anonymously is granted.

C. Defendant's Contemplated Motion for Summary Judgment

Defendant also seeks the Court's "guidance" with respect to his contemplated motion for summary judgment, which is to be premised on the grounds that Defendant's conduct is protected from copyright infringement liability under 17 U.S.C. § 512(a). (Doc. No. 22.) While Defendant appears to believe that this action can be resolved on the narrow ground set forth in 17 U.S.C. §

---

[2] While Defendant focuses most substantially on this factor in his motion to quash the subpoena, Plaintiff, having made out a prima facie case of copyright infringement and met the standard for preliminary discovery, is entitled to an opportunity to test those contentions. Nevertheless, this possibility of mistaken identification is certainly relevant to whether a defendant is entitled to proceed anonymously.

512(a), a motion for summary judgment prior even to the initial conference in this action would be premature. Accordingly, the Court declines to give any further "guidance" at this time.

### D. Reconsideration of Adjournment of Preliminary Conference

Finally, Defendant seeks reconsideration of the Court's adjournment of the initial conference in this action. (Doc. No. 23.) As an initial matter, it is not clear what relief Defendant seeks, given that the Court merely adjourned *sine die* any Rule 26(f) conference pending service of the subpoena that has already been served and been answered, which appears to moot the request. In any event, in light of this Order, the Court will hold an initial status conference on August 14, 2015 at 12:00 p.m. Defendant shall answer or otherwise move with respect to the Complaint by July 28, 2015, *see* Fed. R. Civ. P. 12(a)(4)(A), and the parties shall comply with the other preliminary requirements set forth below.

## II. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED THAT (1) Defendant's motion for reconsideration of the Court's denial of his motion to quash the subpoena is DENIED, (2) Defendant's motion to proceed anonymously in this action is GRANTED, (3) Defendant's request for further guidance with respect to his contemplated motion for summary judgment is DENIED, and (4) Defendant's motion for reconsideration of the Court's order adjourning the initial status conference is DENIED as moot.

IT IS FURTHER ORDERED THAT Defendant shall answer or otherwise move with respect to the complaint by July 28, 2015.

IT IS FURTHER ORDERED THAT the parties shall appear for an initial status conference on Friday, August 14, 2015 at 12:00 p.m. in Courtroom 905 of the Thurgood Marshall United States District Court for the Southern District of New York, 40 Foley Square, New York, New York.

IT IS FURTHER ORDERED that, by August 7, 2015 at 4:00 p.m., the parties shall jointly submit a letter, not to exceed five (5) pages, providing the following information in separate paragraphs:

(1)  A brief statement of the nature of the action and the principal defenses thereto;

(2)  The amount in controversy in this action and how the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied;

(3)  A brief description of all outstanding motions and/or outstanding requests to file motions;

(4)  A brief description of any discovery that has already taken place, and that which will be necessary for the parties to engage in meaningful settlement negotiations;

(5)  A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any;

(6)  The estimated length of trial; and

(7)  Any other information that you believe may assist this Court in resolving this action.

IT IS FURTHER ORDERED THAT, by August 7, 2015 at 4:00 p.m., the parties shall submit to the Court a proposed case management plan and scheduling order. A template for the order is available at: http://www.nysd.uscourts.gov/cases/show.php?db=judge_info&id=1059.

The status letter and the proposed case management plan should be filed on ECF and emailed to my chambers at the following email address:

sullivanNYSDchambers@nysd.uscourts.gov. Please consult my Individual Rules with respect to communications with chambers and related matters.

SO ORDERED.

Dated: July 14, 2015
New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE