UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

JUDGE SULLIVAN

<u>COMPLAINT – ACTION FOR DAMAGED FOR PROPERTY RIGHTS INFRINGEMENT</u>

CIVIL ACTION NO: 15CV-1862 RJS

------------------------------------------------------------------------X

MALIBU MEDIA, LLC,

                 Plaintiff    :

Vs.    :

JOHN DOE subscriber assigned IP address: 108.41.235.16    :

                 Defendant    :

------------------------------------------------------------------------X

LETTER: TO HONORABLE JUDGE SULLIVAN IN RESPONSE TO ORDER AND OPINION ON JULY 14TH (DOC#25), AND EXTENSION OF TIME (DOC#27). LETTER ALSO REQUESTS PERMISSION TO SUBMIT MOTIONS TO STRIKE AND COUNTERCLAIMS IN ADVANCE OF THE RULE 26(F) CONFERENCE ON SEPTEMBER 18TH.

Honorable Judge Sullivan:

The Defendant appreciates the court's allowance to proceed anonymously, and further appreciates the court making it plainly clear to the Plaintiff that the contact information of the Defendant obtained through the court's subpoena power be kept strictly confidential. The Plaintiff ended up flagrantly ignoring part of the order, but I appreciate the effort all the same.

With regards to the motion to quash the subpoena, the Defendant has no way of verifying any of the claims listed by the Plaintiff and the Plaintiff also states they cannot validate their own claims either. The court inferred in their order, whether intentionally or not, that 58 claims of copyright infringement were tied to the Defendants IP address and that somehow strengthens the appearance of the Plaintiff's *prima facie* claim. The Defendant respectfully wishes to point out the Defendant's IP address is not static like a postage mailing address, it often changes, and even if the IP address was static **and** owned

by the Defendant in this case the entire time **and** and even if those two previous statements were known by court at the time of issuing the order; the quantity of incidents still does not, or at least should not, strengthen the appearance of a *prima facie* claim. The only thing that should matter is the **method** of how that information was gathered in the first place. In this case, the method of "evidence" generation is singular in its source, discredited many times over, **and** tied to a settlement contingent fee. Which means the method and source is not from a pristine independent 3rd party and the number of claims with regards to measuring the Plaintiff's *prima facie* claim strength should be considered moot.

The court stated in their most recent order and opinion *"The Second Circuit has " limited district courts' reconsideration of earlier decisions," holding that "those decisions may not usually be changed unless there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice. ..." Docket #25 page 2-3."* Multiple district courts, previously sited by the Defendant, and now with the inclusion of SDNY as recently as July 6th 2015 by Judge Hellerstein (*Malibu Media vs Doe, 15-CV-4369 AKH, Docket #10*) has ruled the type of "evidence" provided, regardless of the amount (*alleging 131 counts of infringement in that case*), and the method to which it was collected is <u>insufficient to proving a *prima facie* claim</u>. Both cases are essentially identical, and if this court adopts the well researched findings with regards to this case then there is no justification for the Plaintiff to be allowed to take leave of a rule 26(f) conference to obtain the Defendant's true identity or for anything else through court ordered subpoena power.

These points are now moot with respect to the contact information discovery subpoena as the Plaintiff is now in possession of the contact information by court order. However, any future requests for subpoena discovery should take these points into consideration.

The Plaintiff has now served the Defendant an **unsealed** copy of the complaint in the public lobby of his building in reckless disregard for the adamant court order to seal the case. The Plaintiff has requested a

second extension of time to complete service. The Defendant appreciates the court's decision to not allow for an extension of time and push the overall schedule any further back.

As a result, the Defendant requests permission to submit a motion to strike the "evidence" in Exhibit A, testimony of Patrick Paige, and Tobias Fieser in its entirety. Along with portions of the testimony of Collette Fields and the amended complaint. Secondarily, the Defendant requests permission to submit a counterclaim sufficient to cover costs and damage the Plaintiff's lawsuit has caused. The motions to strike and a counterclaim have been respectfully submitted along with this letter for the court's consideration.

<u>The counterclaim should be read with the the motion to strike and related Exhibit C for justification, evidence, and discussion of the evidence which apply to the counts contained within.</u>

The Defendant has also submitted an answer to the complaint. The answer does not include any formal defense as it is not clear what parts of the case, if any, will be present after the motion to strike. Should anything remain that requires a defense, the Defendant will supply a timely response at that time.

With respect to the submitted counterclaim, the Defendant is pro se, has no formal legal education, and has not retained counsel (of record or otherwise). As such, and with respect to the court's overall case management strategy, the Defendant will immediately yield to the court's considerable legal expertise with any request to amend or strike, any count or paragraph without opposition even without a motion from opposing counsel to do so under the assumption that the item(s) in question were either drafted, or the legal standard, was applied in error. The Defendant shall maintain the right to oppose any Plaintiff action within the scope and rules of civil procedure.

Respectfully,

John Doe 108.41.235.16 pro se litigant