UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

JUDGE SULLIVAN

<u>COMPLAINT – ACTION FOR DAMAGED FOR PROPERTY RIGHTS INFRINGEMENT</u>

CIVIL ACTION NO: 15CV-1862 RJS

---------------------------------------------------------------X
MALIBU MEDIA, LLC,            :
                Plaintiff   :
                            :
Vs.                           :
                            :
JOHN DOE subscriber assigned IP address: 108.41.235.16  :
                            :
                Defendant   :
---------------------------------------------------------------X

*RECEIVED PRO SE OFFICE 2015 SEP -3 A 9:23*

DEFENDANT'S ANSWER TO AMENDED COMPLAINT DOCKET #30

| <u>COMPLAINT</u> | <u>ANSWER</u> |
|---|---|
| 1. This matter arises under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act"). | 1. **DENIED**: The matter does not arise under Section of 17 U.S.C. § 101. This is the definitions section, and what follows are the definitions. |
| 2. Defendant is a persistent online infringer of Plaintiff's copyrights. Indeed, Defendant's IP address as set forth on Exhibit A was used to illegally distribute each of the copyrighted movies set forth on Exhibit B. | 2. **DENIED**: The Defendant has provided a motion to strike with evidentiary justification. |
| 3. Plaintiff is the registered owner of the copyrights set forth on Exhibit B (the "Copyrights-in-Suit"). | 3. **DENIED IN PART, ADMITTED IN PART:** (**Admitted**) The Copyrights appear to be registered, (**Denied**) however there are steps which must be taken post registration which may or may not have been completed and the Plaintiff has not provided any proof. |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/3/15

1|Page  - Confidential -

| COMPLAINT | ANSWER |
|---|---|
| 4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338 (patents, copyrights, trademarks and unfair competition). | 4. **ABSTAIN:** This is not for any Defendant to admit or deny. |
| 5. Plaintiff used proven IP address geolocation technology which has consistently worked in similar cases to ensure that the Defendant's acts of copyright infringement occurred using an Internet Protocol address ("IP address") traced to a physical address located within this District, and therefore this Court has personal jurisdiction over the Defendant because (i) Defendant committed the tortious conduct alleged in this Complaint in this State, and (ii) Defendant resides in this State and/or (iii) Defendant has engaged in substantial and not isolated business activity in this State. | 5. **DENIED:** The Plaintiff has not specified what technology they use. They allege it is accurate, the Defendant has alleged otherwise in a motions to strike testimony and evidence.<br>   i. **DENIED:** No proof has been presented<br>   ii. **ADMITTED**<br>   iii. **ADMITTED IN PART ABSTAINED IN PART:** (**Admitted**)The Defendant has engaged in business in New York State. (**Abstain**) It is not for any Defendant to admit or deny what is substantial or isolated or how that has any purpose in this case. |
| 6. Based upon experience filing over 1,000 cases the geolocation technology used by Plaintiff has proven to be accurate to the District level in over 99% of the cases. | 6. **DENIED:** Simply stating something does not make it correct or even accurate. No proof has been provided. |
| 7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), because: (i) a substantial part of the events or omissions giving rise to the claims occurred in this District; and, (ii) the Defendant resides (and therefore can be found) in this District and resides in this State; additionally, venue is proper in this District pursuant 28 U.S.C. § 1400(a) (venue for copyright cases) because Defendant or Defendant's agent resides or may be found in this District. | 7. **ABSTAINED:** This is not for any Defendant to admit or deny.<br>   i. **DENIED:** No proof has been presented<br>   ii. **ADMITTED** |

| COMPLAINT | ANSWER |
|---|---|
| 8. Plaintiff, Malibu Media, LLC, (d/b/a "X-Art.com") is a limited liability company organized and existing under the laws of the State of California and has its principal place of business located at 409 W. Olympic Blvd., Suite 501, Los Angeles, CA, 90015. | 8. **DENIED:** The address as specified in this complaint, while similar, does not match the address listed on the California Business Database. |
| 9. Defendant, [REDACTED], is an individual residing at [REDACTED]. | 9. **ADMITTED** |
| I. *Defendant Used the BitTorrent File Distribution Network To Infringe Plaintiff's Copyrights* | I. **DENIED:** No proof has been presented |
| 10. The BitTorrent file distribution network ("BitTorrent") is one of the most common peer-to-peer file sharing systems used for distributing large amounts of data, including, but not limited to, digital movie files. | 10. **DENIED:** The most common is FTP (File Transfer Protocol) followed by VPN (Virtual Private Network). BitTorrent, while utilized, is quite far down the list. |
| 11. BitTorrent's popularity stems from the ability of users to directly interact with each other in order to distribute a large file without creating a heavy load on any individual source computer and/or network. The methodology of BitTorrent allows users to interact directly with each other, thus avoiding the need for intermediary host websites which are subject to DMCA take down notices and potential regulatory enforcement actions. | 11. **ADMITTED IN PART DENIED IN PART:** (**Admitted**) BitTorrent's popularity does stem from its availability to to reduce the heavy load on any one computer and/or network. (**Denied**) It **does not**, however, avoid the need for intermediary host websites which would be subject to DMCA takedown notices. |
| 12. In order to distribute a large file, the BitTorrent protocol breaks a file into many small pieces called bits. Users then exchange these small bits among each other instead of attempting to distribute a much larger digital file. | 12. **ADMITTED** |

| COMPLAINT | ANSWER |
|---|---|
| 13. After the infringer receives all of the bits of a digital media file, the infringer's BitTorrent client software reassembles the bits so that the file may be opened and utilized. | 13. **DENIED IN PART ADMITTED IN PART:** (**Denied**) The use of the term "infringer". BitTorrent is used for many other legitimate things other than infringement activities, such as software and driver updates to name a few. The Defendant (**Admits**) the file is useless unless **all** the bits have been received. |
| 14. Each bit of a BitTorrent file is assigned a unique cryptographic hash value. | 14. **ADMITTED IN PART DENIED IN PART:** (**Admitted**) Each bit is assigned a hash value. (**Denied**) the hash is not cryptographic as many people know the hash value and key. They are not only or even ideally known to just the sender and recipient. It's an open public system. |
| 15. The cryptographic hash value of the bit ("bit hash") acts as that bit's unique digital fingerprint. Every digital file has one single possible cryptographic hash value correlating to it. The BitTorrent protocol utilizes cryptographic hash values to ensure each bit is properly routed amongst BitTorrent users as they engage in file sharing. | 15. **ADMITTED IN PART DENIED IN PART:** (**Admitted**) Each bit is assigned a hash value. (**Denied**) the hash is not cryptographic as many people know the hash value and key. They are not only or even ideally known to just the sender and recipient. It's an open public system. Further it is not unique. SHA-1 encoding given the vastness of the internet is not unique. Collisions can and have occurred. |

| COMPLAINT | ANSWER |
|---|---|
| 16. The entirety of the digital media file also has a unique cryptographic hash value ("file hash"), which acts as a digital fingerprint identifying the digital media file (e.g. a movie). Once infringers complete downloading all bits which comprise a digital media file, BitTorrent software uses the file hash to determine that the file is complete and accurate. | 16. **ADMITTED IN PART DENIED IN PART:** (**Admitted**) The digital media files are assigned a hash value. (**Denied**) the hash is not cryptographic as many people know the hash value and key. They are not only or even ideally known to just the sender and recipient. It's an open public system. Further it is not unique. SHA-1 encoding given the vastness of the internet is not unique. Collisions can and have occurred. Lastly, while the BitTorrent software will check to see if the hash value matches the hash value in the hash table of the torrent but it will not check the individual bits to see if the bit hash value as reported is accurate. It can be corrupted, or not even the intended piece, or be spoofed as part of a computer virus. |
| 17. Plaintiff's investigator, IPP International UG, established a direct TCP/IP connection with the Defendant's IP address as set forth on Exhibit A. | 17. **DENIED:** No proof has been presented |
| 18. IPP International UG downloaded from Defendant one or more bits of each of the digital movie files identified by the file hashes on Exhibit A. | 18. **DENIED:** No proof has been presented |
| 19. Defendant downloaded, copied, and distributed a complete copy of Plaintiff's movies without authorization as enumerated on Exhibit A | 19. **DENIED:** No proof has been presented |
| 20. Each of the cryptographic file hashes as set forth on Exhibit A correlates to a copyrighted movie owned by Plaintiff as identified on Exhibit B. | 20. **DENIED:** It does not correlate. Defendant's motion outlines the justification. |

| COMPLAINT | ANSWER |
|---|---|
| 21. IPP International UG downloaded from Defendant one or more bits of each file hash listed on Exhibit A. IPP International UG further downloaded a full copy of each file hash from the BitTorrent file distribution network and confirmed through independent calculation that the file hash matched what is listed on Exhibit A. IPP International UG then verified that the digital media file correlating to each file hash listed on Exhibit A contained a copy of a movie which is identical (or alternatively, strikingly similar or substantially similar) to the movie associated with that file hash on Exhibit A. At no time did IPP International UG upload Plaintiff's copyrighted content to any other BitTorrent user. | 21. **DENIED IN PART ABSTAINED IN PART:** (**Denied**) IPP International UG downloaded from Defendant one or more bits of each file hash listed on Exhibit A. (**Abstained**) IPP International UG further downloaded a full copy of each file hash from the BitTorrent file distribution network and confirmed through independent calculation that the file hash matched what is listed on Exhibit A. IPP International UG then verified that the digital media file correlating to each file hash listed on Exhibit A contained a copy of a movie which is identical (or alternatively, strikingly similar or substantially similar) to the movie associated with that file hash on Exhibit A. (**Denied**) At no time did IPP International UG upload Plaintiff's copyrighted content to any other |
| 22. IPP International UG connected, over a course of time, with Defendant's IP address for each hash value as listed on Exhibit A. The most recent TCP/IP connection between IPP and the Defendant's IP address for each file hash value listed on Exhibit A is included within the column labeled Hit Date UTC. UTC refers to Universal Time which is utilized for air traffic control as well as for computer forensic purposes. | 22. **DENIED IN PART, ADMITTED IN PART, AND ABSTAINED IN PART:** (**Denied**) IPP International UG connected, over a course of time, with Defendant's IP address for each hash value as listed on Exhibit A. The most recent TCP/IP connection between IPP and the Defendant's IP address for each file hash value listed on Exhibit A is included within the column labeled Hit Date UTC. (**Admitted**) UTC refers to Universal Time. (**Abstained**) which is utilized for air traffic control as well as for computer forensic purposes. |

| **COMPLAINT** | **ANSWER** |
|---|---|
| 23. An overview of the Copyrights-in-Suit, including each hit date, date of first publication, registration date, and registration number issued by the United States Copyright Office is set forth on Exhibit B. | 23. **DENIED IN PART, ADMITTED IN PART, AND ABSTAINED IN PART:** (**Admitted**) An overview of the Copyrights-in-Suit, (**Denied**) including each hit date, (**Admitted**) date of first publication, registration date, and (**Abstained**) registration number issued by the United States Copyright Office (**Admitted**) is set forth on Exhibit B. |
| 24. Plaintiff's evidence establishes that Defendant is a habitual and persistent BitTorrent user and copyright infringer | 24. **DENIED:** No proof has been presented |
| 25. All conditions precedent to bringing this action have occurred or been waived. | 25. **DENIED:** No account has been presented as to what conditions or precedents have occurred or have been waived. The Plaintiff can waive whatever they wish, which appears to be everything. The Defendant waives nothing. |
| 26. Plaintiff has retained counsel and is obligated to pay said counsel a reasonable fee for its services. | 26. **ABSTAINED:** This is not for any Defendant to admit or deny. |
| 27. The allegations contained in paragraphs 1-26 are hereby re-alleged as if fully set forth herein. | 27. **DENIED, ADMITTED, AND ABSTAINED:** As stated in previous answers to 1-26 respectively. |
| 28. Plaintiff is the owner of the Copyrights-in-Suit, as outlined in Exhibit B, each of which covers an original work of authorship. | 28. **DENIED IN PART ADMITTED IN PART:** (**Admitted**) Plaintiff is the owner of the Copyrights-in-Suit, as outlined in Exhibit B, (**Denied**) each of which covers an original work of authorship. |
| 29. By using BitTorrent, Defendant copied and distributed the constituent elements of each of the original works covered by the Copyrights-in-Suit. | 29. **DENIED:** No proof has been presented |
| 30. Plaintiff did not authorize, permit or consent to Defendant's distribution of its works. | 30. **DENIED:** No proof has been presented |

| COMPLAINT | ANSWER |
|---|---|
| 31. As a result of the foregoing, Defendant violated Plaintiff's exclusive right to:<br>   A. Reproduce the works in copies, in violation of 17 U.S.C. §§ 106(1) and 501;<br>   B. Redistribute copies of the works to the public by sale or other transfer of ownership, or by rental, lease or lending, in violation of 17 U.S.C. §§ 106(3) and 501;<br>   C. Perform the copyrighted works, in violation of 17 U.S.C. §§ 106(4) and 501, by showing the works' images in any sequence and/or by making the sounds accompanying the works audible and transmitting said performance of the works, by means of a device or process, to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definitions of "perform" and "publically" perform); and<br>   D. Display the copyrighted works, in violation of 17 U.S.C. §§ 106(5) and 501, by showing individual images of the works non sequentially and transmitting said display of the works by means of a device or process to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definition of "publically" display). | 31. **DENIED:** No proof has been presented |
| 32. Defendant's infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2). | 32. **DENIED:** No proof has been presented |

| **COMPLAINT** | **ANSWER** |
|---|---|
| o WHEREFORE, Plaintiff respectfully requests that the Court:<br>A. Permanently enjoin Defendant and all other persons who are in active concert or participation with Defendant from continuing to infringe Plaintiff's copyrighted works;<br>B. Order that Defendant delete and permanently remove the digital media files relating to Plaintiff's works from each of the computers under Defendant's possession, custody or control;<br>C. Order that Defendant delete and permanently remove the infringing copies of the works Defendant has on computers under Defendant's possession, custody or control;<br>D. Award Plaintiff statutory damages per infringed work pursuant to 17 U.S.C. § 504 (a) and (c);<br>E. Award Plaintiff its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and (F) Grant Plaintiff any other and further relief this Court deems just and proper. | • **OBJECTED TO IN PART, DENIED IN PART, AND ABSTAINED IN PART:**<br>A. **OBJECTED:** No other Defendants have been listed on this case.<br>B. **ABSTAIN**<br>C. **ABSTAIN**<br>D. **DENIED:** Not applicable<br>E. **DENIED:** Not applicable<br>F. **ABSTAIN** |
| EXHIBIT A | **DENIED** |
| EXHIBIT B | **ABSTAIN** |

**WHEREFORE**, the Defendant seeks dismissal of Plaintiff's complaint and that Plaintiff recovers nothing.

Respectfully,

John Doe 108.41.235.16 pro se litigant